UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALVIN AND APRIA SMITH | CIVIL ACTION |
| VERSUS | |
| STATE FARM FIRE AND CASUALTY COMPANY | NUMBER 11-95-BAJ-SCR |

and

| | |
|---|---|
| JONATHAN SHEPHERD | CIVIL ACTION |
| VERSUS | |
| STATE FARM FIRE AND CASUALTY COMPANY | NUMBER 11-97-BAJ-SCR |

and

| | |
|---|---|
| THOMAS RUCKER | CIVIL ACTION |
| VERSUS | |
| STATE FARM FIRE AND CASUALTY COMPANY | NUMBER 11-98-BAJ-SCR |

**RULING ON MOTIONS TO COMPEL**

Defendant State Farm Fire and Casualty Company filed a Motion and Order to Compel the Discovery Deposition of Gulf Coast Catastrophe Consultants, LLC Representative, Josh Bargee in each of the above cases. Record document number 29 in CV 11-95, CV 11-97 and CV 11-98. No opposition has been filed to any of the motions.

Defendant filed the motions pursuant to Rule 37, Fed.R.Civ.P., seeking an order compelling the plaintiffs to provide a date for the discovery deposition of Josh Barbee, the representative of Gulf

Coast Catastrophe Consultants, LLC.[1] Defendant stated that despite the June 30, 2011 fact discovery deadline, the plaintiffs had yet to provide a date to depose Barbee.[2] Defendant attached to the motion email correspondence dated June 17, June 23 and June 27 related to its request to schedule Barbee's deposition before the June 30 deadline.[3]

A review of the record shows that it was not until two weeks before the scheduling order deadline that the defendant inquired about Barbee's availability for a deposition. With no response, another email was sent on June 23 and the defendant was finally informed on June 27 that Barbee would be out of the country for a month. Two days later the defendant filed this Motion to Compel Barbee to appear for a deposition in 30 days.

The Federal Rules of Civil Procedure to not require that a party provide convenient dates for depositions to be taken. Cooperation between the parties and their attorneys in setting

---

[1] Defendant stated that Gulf Coast is a public adjusting firm retained by the plaintiffs.

[2] The December 7, 2010 Scheduling Order issued in each of these cases set June 30, 2011 as the deadline for completing fact discovery and September 15, 2011 as the deadline for expert discovery, including depositions of expert witnesses. Record document number 15 in CV 11-95, CV 11-97 and CV 11-98.

[3] A review of the record shows that it was not until two weeks before the deadline that the defendant inquired about Barbee's availability for a deposition. Another communication occurred on June 23 and the defendant was finally informed on June 27 that Barbee would be out of the country for a month. Record document number 29 in each case, exhibits 2 and 3.

2

deposition dates is encouraged, but these efforts are not always successful. When cooperative efforts fail the party who wants to take the deposition must move forward under Rules 30 and 45 and set the deposition by serving a notice and a subpoena if necessary. If a party or the person being deposed believes he has not been provided with reasonable notice or has some other basis for objecting, he can file a motion to quash or for a protective order. Otherwise, the person subpoenaed is expected to appear and testify.

The present record does not indicate that the defendant has ever issued a notice take Barbee's deposition or served him with a subpoena. Since there is nothing to show that Barbee has failed to appear for a properly noticed deposition, the defendant is not entitled to any relief under Rule 37.

Accordingly, the Motion to Compel the Discovery Deposition of Gulf Coast Catastrophe Consultants, LLC Representative, Josh Bargee filed by defendant State Farm Fire and Casualty Company in each of these three cases is denied.

Baton Rouge, Louisiana, October 4, 2011.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE